# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MFW Wine Co., LLC, A6 Wine       :
Company, and GECC2 LLC       :
d/b/a/ Bloomsday Cafe        :
           Petitioners   :
                    :
        v.           :   No. 251 M.D. 2020
                    :
Pennsylvania Liquor Control Board,  :
          Respondent  :

## ORDER

AND NOW, this 27th day of May, 2020, pursuant to this Court's authority under Pennsylvania Rule of Appellate Procedure 1701(b)(1) to clarify or correct an order on appeal, it is hereby ORDERED that the Court's Opinion and Order filed on May 1, 2020,[1] is AMENDED to correct a typographical error on page 7 in footnote 9 of the Opinion. Specifically, the phrase "should *not* be construed" is amended to read "should *only* be construed." Footnote 9 of the Opinion, subsequent to the amendment, now provides in its entirety:

> In addition to focusing on the General Assembly's use of the word "may," PLCB also directs the Court to the opening phrase of Section 1799.2-E of the Fiscal Code— "Notwithstanding the provisions of section 305"—as further support of its proffered construction. 72 P.S. § 1799.2-E. This language, however, is clearly used to indicate the General Assembly's intent that what follows should only be construed to override conflicting provisions in Section 305(a) of the Liquor Code, if any. As noted above, the only possible conflict between the

---

[1] Initially, the Court designated the Opinion and Order as an unreported Memorandum Opinion and Order. By order dated May 7, 2020, the Court changed the designation to "reported."

two sections is the compliance date by which PLCB must implement a procedure to process direct-delivery special orders.

In all other respects, the Court's Opinion and Order remains intact, and a corrected copy is attached.

_____
P. KEVIN BROBSON, Judge